J-S64005-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JAMES MILLER | |
| Appellant | No. 31 WDA 2014 |

Appeal from the PCRA Order December 4, 2013
In the Court of Common Pleas of Allegheny  County
Criminal Division at No(s): CP-02-CR-0001854-1981

BEFORE:  GANTMAN, P.J., BENDER, P.J.E., and LAZARUS, J.

MEMORANDUM BY LAZARUS, J.:                    **FILED APRIL 08, 2016**

James Miller filed a petition for allowance of appeal with our Supreme Court from our unpublished memorandum affirming the trial court's order denying his third petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  The Supreme Court of Pennsylvania vacated this Court's disposition and remanded for further proceedings consistent with ***Montgomery v. Louisiana***, 136 S. Ct. 718 (2016). Accordingly, we reverse and remand for resentencing.

In August 1981, Miller was found guilty of second-degree murder and related charges.  Miller was fifteen years old when he committed the underlying offenses.  Miller filed post-sentence motions, on August 28, 1981, that were denied.  He was sentenced on February 5, 1982 to life in prison without the possibility of parole.  Miller filed a timely direct appeal; our Court

affirmed his judgment of sentence. *See Commonwealth v. Miller*, No. 195 Pittsburgh 1982 (Pa. Super. filed Feb. 10, 1984). Miller subsequently filed a petition for allowance of appeal to our Supreme Court which was denied. *See Commonwealth v. Miller*, No. 68 W.D. Allocatur Docket 1984 (denied May 112, 1984).

On December 31, 1986, Miller filed a *pro se* Post Conviction Relief Hearing Act (PCHA)[1] petition; counsel was appointed and later was granted leave to withdraw. New counsel filed an amended PCHA petition on behalf of Miller, which was denied on May 6, 1988. On February 11, 1998, new counsel filed a timely PCRA petition which was dismissed on August 20, 1998. Miller appealed that decision and our Court affirmed dismissal of his petition.

On July 30, 2012, Miller filed a *pro se* PCRA petition asserting that pursuant to the United States Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012),[2] his life sentence is illegal. Counsel, Thomas N. Farrell, Esquire, was appointed to represent Miller; counsel

---

[1] The PCHA was the predecessor of the current PCRA. "The PCHA was repealed in part, modified in part, and renamed the Post Conviction Relief Act [], effective April 13, 1988." *Commonwealth v. Travaglia*, 28 A.3d 868, 872 n.2 (Pa. 2011).

[2] In *Miller*, the Supreme Court held that sentencing juveniles, under the age of 18 at the time they committed a homicide offense, to mandatory life imprisonment without the possibility of parole is a violation of the Eighth Amendment's prohibition on cruel and unusual punishment.

subsequently filed an amended PCRA petition. On July 29, 2013, Assistant District Attorney Ronald Wabby filed a motion to stay the proceedings while the issue of retroactive application of *Miller* was pending on appeal to our Supreme Court. The court stayed the proceedings on August 28, 2013, and, on October 30, 2013, the Pennsylvania Supreme Court determined that the *Miller* holding does not apply retroactively to an inmate, serving a life sentence without parole, who has exhausted his direct appeal rights and is proceeding under the PCRA. *See Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014).

On November 6, 2013, Attorney Farrell filed a motion to stay the PCRA proceedings until the United States Supreme Court ruled upon *Cunningham*. On November 14, 2013, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the PCRA petition. Counsel filed a timely response to the Rule 907 notice, again requesting a stay, or, in the alternative, leave to file an amended PCRA petition to raise the claim that *Miller* violates Article I, Section 13 of the Pennsylvania Constitution. On December 4, 2013, the court issued its final order denying PCRA relief based on the holding of *Cunningham* that *Miller* is not retroactive and, thus, does not apply to cases on collateral review. Counsel filed a timely notice of appeal on January 6, 2014.

On appeal, our Court affirmed the PCRA court's dismissal of Miller's petition, finding that he is not entitled to relief under *Miller*, where his petition is untimely, he did not prove an exception the PCRA's time bar

- 3 -

provisions, and where **Miller** does not apply retroactively to cases on collateral appeal under **Cunningham**. However, our Court remanded the matter to the trial court for amendment of the order denying PCRA relief to the extent that the order violated Pa.R.Crim.P. 904(F)(2) and denied Miller appointed counsel throughout the appeals process.

On January 26, 2015, Miller petitioned out Supreme Court for allowance of appeal. On March 18, 2016, the Pennsylvania Supreme Court vacated our Court's disposition and remanded the matter to this Court for further proceedings consistent with **Montgomery**.

After the United States Supreme Court's holding in **Montgomery**, **Cunningham**'s tenet that **Miller** cannot be applied retroactively is no longer good law in Pennsylvania. **See Commonwealth v. Secreti**, 2016 PA Super 28 (Pa. Super. 2016) (interpreting **Montgomery** as making retroactivity under **Miller** effective as of the date of the **Miller** decision).

Here, the trial court sentenced Miller, who was a juvenile at the time of the offense, to a mandatory sentence of life imprisonment without the possibility of parole. In light of the United States Supreme Court's recognition in **Miller** that such a sentence violates the Eighth Amendment's prohibition against cruel and unusual punishment, and the Court's recent retroactive application of **Miller** in **Montgomery**, we reverse the trial court's order and remand for resentencing.

Order reversed. Remanded for resentencing. Jurisdiction relinquished.

- 4 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/8/2016